**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-2202

WILSON OCHAR,

  Plaintiff - Appellant,

  v.

AMERIS BANK,

  Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:24-cv-00995-CMH-WBP)

Submitted:  February 27, 2026                    Decided:  March 4, 2026

Before KING and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Wilson Ochar, Appellant Pro Se.  Joshuan Counts Cumby, Nashville, Tennessee, Lauren Baio Pultro, ADAMS & REESE LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilson Ochar seeks to appeal the district court's order dismissing his consolidated actions.[1]  We dismiss this part of the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 15, 2024.  The appeal period began to run on August 20, 2024, when the court denied Ochar's motion for reconsideration.  Fed. R. App. P. 4(a)(4)(A).  The appeal period expired on September 19, 2024.  Ochar filed his notice of appeal on December 2, 2024.  Because Ochar failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss his appeal from the order dismissing his consolidated actions.[2]

Ochar also appeals the district court's August 20, 2024, order imposing a prefiling injunction.  We conclude that Ochar's December 2, 2024, notice of appeal was timely as

---

[1] Ochar moves for leave to file an amended brief.  We grant this motion.  Ochar also moves to consolidate his multiple appeals, for leave to file an amended complaint, to accelerate case processing, and to impose sanctions.  We deny these motions.

[2] To the extent Ochar seeks to appeal the district court's order denying his motion for reconsideration, the appeal as to that order is also untimely.

to this order because the district court did not set out its judgment in a separate document. Fed. R. Civ. P. 58(a), (c)(2)(B); *see C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 545 (7th Cir. 2020) (noting "district court['s] fail[ure] to enter a standalone document containing the injunction, as required by Federal Rule[] of Civil Procedure . . . 58(a)"). We have reviewed the district court's prefiling injunction and discern no abuse of discretion, *see Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (providing standard of review), so we affirm.

Accordingly, we dismiss the appeal as to the district court's dismissal order and we affirm the prefiling injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*